United States District Court

Eastern District of California

Armand Florez,

Plaintiff,

vs.

California Department of Corrections, et al.,

Defendants.

No. Civ. S 01-1986 LKK PAN P

Findings and Recommendations

o0o

Plaintiff seeks damages and injunctive relief upon the ground defendant Clendenin retaliated against plaintiff and used excessive force. Defendant has answered the complaint.

Plaintiff moves for a temporary restraining order and a preliminary injunction barring retaliation in the form of excessive force and repeated verbal harassment by officers J. Feltner, J. Lowe, J. Etheredge, T. Gottfried, Stacy and Hudgings, none of whom are party to this action. Plaintiff requests an order prohibiting these officers from having contact with each

other while working and from carrying restraining devices.

A temporary restraining order will issue to an applicant for a preliminary injunction to prevent irreparable injury before the court can hear the application for a preliminary injunction. Fed. R. Civ. P. 65(b); Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 439 (1974).

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). To prevail, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits and a balance of hardships tipping sharply in his favor. Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. Benda v. Grand Lodge of the International Association of Machinists, 584 F.2d 308, 315 (9th Cir. 1978).

The court finds the relief plaintiff seeks is not necessary to abate the risk of harm alleged.

For the foregoing reasons, plaintiff's September 13, 2004, request for a temporary restraining order and preliminary

injunction should be denied.

Pursuant to 28 U.S.C. § 636(b)(l) these findings and recommendations are submitted to the district judge assigned to this case. Within 20 days after being served with these findings and recommendations, plaintiff may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: June 7, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge